**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE PAUL REVERE LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Now comes the Plaintiff, PAUL RICHARDS, by his attorneys, MARK D. DEBOFSKY, WILLAM T. REYNOLDS, and DEBOFSKY, SHERMAN & CASCIARI, P.C., and complaining against the Defendant, THE PAUL REVERE LIFE INSURANCE COMPANY, he states:

*Jurisdiction and Venue*

1.      This is an action between citizens of two different states. Plaintiff, PAUL RICHARDS ("Richards"), is and was at all times relevant hereto a citizen of the State of Illinois. Defendant, THE PAUL REVERE LIFE INSURANCE COMPANY ("Paul Revere"), is and was at all times relevant hereto a citizen of the State of Massachusetts. The matter in controversy involves an amount at issue in excess of $75,000, exclusive of interest or costs. Therefore, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

2.      In addition, Plaintiff seeks a declaratory judgment, over which this Court has the power to declare the rights and remedies of the respective parties. 28 U.S.C. § 2201.

3.      Venue is proper in this district since a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois.  28 U.S.C. § 1391(a).

*Nature of the Action*

4.      This is a claim for breach of contract of an insurance policy issued by Paul Revere to Richards, for and in consideration of premiums paid, providing monthly disability income payments in the event that he became disabled from his regular occupation. Richards alleges: (1) that Paul Revere breached the terms of the policy by wrongfully denying disability insurance benefits; and (2) that Paul Revere is guilty of unreasonable and vexatious delay in its refusal to pay such benefits. As a consequence thereof, Richards is entitled to recover all disability income benefits due up to the date of judgment, a declaratory judgment requiring continuation of both benefits for so long as he meets the policy's definition of disabled, and penalties and attorneys' fees pursuant to 215 ILCS 5/155.

*The Parties*

5.      Plaintiff, Paul Richards, age 53 (born June 1964) is and was at all relevant times hereto a citizen Western Springs, Cook County, Illinois; and the events, transactions, and occurrences relevant to his claim for disability benefits took place within the Northern District of Illinois.

6.      Defendant, Paul Revere, is upon information and belief a Massachusetts corporation and maintains its principal place of business in the State of Massachusetts. At all times relevant hereto, Paul Revere was doing business within the Northern District of Illinois.

## Count I – Denial of Disability Insurance Benefits

*Statement of Facts*

2

7.      From 1987 through May 7, 2015, Richards was an active member of the Chicago Board of Trade and its successor, the CME Group. He was employed as a pit broker and trader from 1987 through 2008.

8.      On or around December 18, 1990, Paul Revere issued a disability income insurance policy number 0102483517 ("the Policy") to Richards (a true and accurate copy of the Policy is attached hereto as Exhibit A). The Policy provides for payment of monthly payments in the event Richards becomes disabled, and continues to pay such benefits until he is no longer disabled or, if disability begins before age 65, until his death. For purposes of establishing entitlement to benefits, the Policy defines the term "Disabled" as follows:

> "Disability" or "Disabled" refers to a continuing period of Total and/or Residual Disability. Successive periods will be deemed to be continuing if:
>
> a.  Due to the same or related causes; and
> b.  Separated by no more than 12 months;
>
> Otherwise such periods will be deemed to be new and separate Disabilities. . . .
>
> "Total Disability" means that because of Injury or Sickness:
>
> a.  You are unable to perform the important duties of Your Occupation; and
> b.  You are not engaged in any other gainful occupation; and
> c.  You are under the regular and personal care of a Physician. . . .
>
> "Your Occupation" means the occupation in which You are regularly engaged at the time You become Disabled.

9.      In or around 2006, the Chicago Board of Trade entered into contract with Richards to serve as a Market Maker in the gold and silver commodities markets.

10.     As a Market Maker, Richards had a contractual obligation to provide two-way prices for financial and commodity products using proprietary capital to provide market liquidity and

encourage trading. In exchange for providing this liquidity, the CME Group (and, later, other exchanges) paid Richards directly based upon a pre-determined incentive structure.

11.     By the end of 2008, Richards worked exclusively as a gold and silver commodities Market Maker and no longer worked as a pit broker or trader. As time progressed he became even further specialized, making his living as one of the only "spread" Market Makers in the commodities markets.[1]

12.     In 2008, the CME Group purchased the New York Mercantile Exchange and was required to sell off certain contracts, including one of Richards' Market Maker contracts. Richards subsequently began market making for the London International Financial Futures and Options Exchange ("LIFFE") in addition to the CME Group. In 2014, the International Commodities Exchange ("ICE") took over the LIFFE exchanges for which Richards served as a Market Maker and adjusted its trading hours.

13.     By early 2015, Richards was suffering shortness of breath, heart palpitations, and other physical symptoms that made it increasingly difficult for him to complete the material duties of his occupation. A full cardiac work-up completed in April 2015 revealed several findings indicative of significant cardiac impairment and a significantly elevated risk of a stress-induced cardiac event.

14.     Around this same time, Richards reported to his psychiatrist that he was suffering from severe anxiety caused by his physical condition and the high levels of stress and intense time demand of his work, and was uncontrollably and obsessively monitoring his markets.

---

[1] A spread Market Maker is considered a subset of Market Makers that provides liquidity across calendar spreads, as opposed to just providing liquidity in outright trades. A spread Market Maker holds significantly more open positions than a typical outright Market Maker.

15.     By May 2015, Richards' treating physicians had advised him to make significant lifestyle changes to avoid high-stress environments, including his high-stress occupation. Richards ceased working on May 7, 2015 and has not worked in any capacity since that date.

16.     At the time he became disabled, Richards worked solely as a self-employed Market Maker for both the CME Group and ICE.

17.     Prior to the exhaustion of the Policy's 90-day LTD waiting period, Richards submitted a timely application for disability insurance benefits. However, despite the submission of adequate proof of loss, Defendant denied the claim for benefits.

18.     On March 2, 2016, Richards submitted an appeal of Paul Revere's decision to deny his disability insurance benefit claim. Upon receipt of this appeal, Defendant upheld its initial claim decision.

19.     On September 15, 2016, Richards, through the undersigned counsel, submitted a second appeal of Paul Revere's decision to deny his disability insurance benefit claim. Included with his second appeal were additional clinical treatment records and opinions from several medical providers and a vocational evaluation and report detailing the material duties of a Market Maker. Upon receipt of this appeal, Defendant again denied the claim for benefits.

20.     On June 5, 2017, Richards, through the undersigned counsel, submitted a third appeal of Paul Revere's decision to deny his disability insurance benefit claim. Included with his third appeal was a comprehensive report explaining the duties of a Market Maker completed by Jennifer Ropiak, an independent expert in the precious and platinum group metals derivative markets. Upon receipt of this appeal, Defendant again denied the claim for benefits.

21.     Paul Revere's denial of Richards' disability insurance benefit claim was and remains against the weight of the medical and vocational evidence and is premised on an inappropriate application of the controlling plan language. Defendant's decision was the product of biased claims handling, was the result of a conflict of interest, and was reached in bad faith and without any reasonable basis or support for the conclusion reached.

22.     As a direct and proximate result of the foregoing, Defendant is in breach of its contract of insurance and owes Plaintiff the indemnity due to date, which is currently over $180,000.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount equal to the accrued amount of benefits due since August 6, 2015 through the date of judgment plus interest thereon, a declaration that benefits are to continue so long as Plaintiff continues to meet the policy's requirements for payment of benefits, all costs of suit, and any and all other relief to which Plaintiff is entitled.

### *Count II – Penalty Under 215 ILCS 5/155*

For Count II of his Complaint:

1-22.   Plaintiff re-alleges paragraphs 1-22 of Count I as paragraphs 1-22 of Count II of his Complaint, and by that reference, incorporates those allegations herein.

23.     There was and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155, which allows the court to assess penalties and attorneys' fees against an insurance company that unreasonably and vexatiously refuses or delays payment of indemnity due.

24.     Defendant acted unreasonably and vexatiously in violation of § 155 by denying Plaintiff's disability insurance benefit claim despite being provided with full and adequate proof of loss demonstrating his total disability.

25.     Defendant also acted unreasonably by forcing Plaintiff to file suit to recover such benefits.

26.     Based on the evidence presented, there is no legitimate dispute as to Plaintiff's entitlement to disability insurance benefits; and he is therefore entitled to all benefits that have accrued since the conclusion of the elimination period in the policy as well as penalties, interest and fees.

WHEREFORE, Plaintiff prays that Defendant be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155, and that Defendant be ordered to pay Plaintiff's attorneys fees and court costs, as well as any and all other relief to which Plaintiff is entitled.

### *Jury Demand*

Plaintiff demands trial by jury.

January 26, 2018                                    Respectfully Submitted,

                                                   /s/ *Mark D. DeBofsky*
                                                   One of the Plaintiff's Attorneys

Mark D. DeBofsky
William T. Reynolds
DeBofsky, Sherman & Casciari, PC
200 W. Madison St., Ste. 2670
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)